**WO**  KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Theodore Spann, Jr., ) | No. CV 09-636-PHX-MHM (MEA) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Joseph Arpaio, ) | |
| Defendant. ) | |

Plaintiff Kenneth Theodore Spann, Jr., who is confined in the Maricopa County Lower Buckeye Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendant Arpaio to answer the Complaint.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**TERMPSREF**

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III.    Complaint

Plaintiff names Maricopa County Sheriff Joseph Arpaio as Defendant in the Complaint and alleges two grounds for relief:

(1)    Plaintiff's Eighth Amendment rights are violated by Defendant Arpaio's policy of providing inmates with only two meals per day that do not contain a sufficient amount of food; and

(2)    Plaintiff's Eighth Amendment rights were violated by Defendant Arpaio's policy of overcrowding intake and booking areas where Plaintiff was held for more than 36 hours without a seat, mat, or blanket and where he was in danger from fights that broke out as a result of the overcrowding.

Plaintiff seeks injunctive relief and money damages. Plaintiff's allegations adequately state a claim and the Court will require Defendant Arpaio to answer the Complaint.

## IV.    Warnings

### A.    Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other

1  relief with a notice of change of address.  Failure to comply may result in dismissal of this
2  action.

3    **C.    Copies**

4  Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy
5  of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate
6  stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit
7  an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply
8  may result in the filing being stricken without further notice to Plaintiff.

9    **D.    Possible Dismissal**

10  If Plaintiff fails to timely comply with every provision of this Order, including these
11  warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,
12  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
13  comply with any order of the Court).

14  **IT IS ORDERED:**

15  (1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

16  (2)    As required by the accompanying Order to the appropriate government agency,
17  Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

18  (3)    The Clerk of Court must send Plaintiff a service packet including the
19  Complaint (Doc. #1), this Order, and both summons and request for waiver forms for
20  Defendant Arpaio.

21  (4)    Plaintiff must complete and return the service packet to the Clerk of Court
22  within 20 days of the date of filing of this Order.  The United States Marshal will not provide
23  service of process if Plaintiff fails to comply with this Order.

24  (5)    If Plaintiff does not either obtain a waiver of service of the summons or
25  complete service of the Summons and Complaint on Defendant within 120 days of the filing
26  of the Complaint or within 60 days of the filing of this Order, whichever is later, the action
27  may be dismissed.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

28

- 3 -

1      (6) The United States Marshal must retain the Summons, a copy of the Complaint,
2 and a copy of this Order for future use.

3      (7) The United States Marshal must notify Defendant of the commencement of this
4 action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
5 Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order.  The
6 Marshal must immediately file requests for waivers that were returned as undeliverable and
7 waivers of service of the summons.  If a waiver of service of summons is not returned by
8 Defendant within 30 days from the date the request for waiver was sent by the Marshal, the
9 Marshal must:

10      (a) personally serve copies of the Summons, Complaint, and this Order upon
11 Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

12      (b) within 10 days after personal service is effected, file the return of service
13 for Defendant, along with evidence of the attempt to secure a waiver of service of the
14 summons and of the costs subsequently incurred in effecting service upon Defendant.
15 The costs of service must be enumerated on the return of service form (USM-285) and
16 must include the costs incurred by the Marshal for photocopying additional copies of
17 the Summons, Complaint, or this Order and for preparing new process receipt and
18 return forms (USM-285), if required. Costs of service will be taxed against the
19 personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil
20 Procedure, unless otherwise ordered by the Court.

21      (8) **If Defendant agrees to waive service of the Summons and Complaint, he**
22 **must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

23      (9) Defendant must answer the Complaint or otherwise respond by appropriate
24 motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
25 Rules of Civil Procedure.

26 . . .

27 . . .

28 . . .

1   (10)   This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules
2  72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized
3  under 28 U.S.C. § 636(b)(1).

DATED this 4th day of May, 2009.

_____
Mary H. Murguia
United States District Judge