**WO** SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Theodore Spann, Jr., | No. CV 09-0636-PHX-MHM (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

Plaintiff Kenneth Theodore Spann, Jr. filed this civil rights action under 42 U.S.C. § 1983 against Maricopa County Sheriff Joseph Arpaio. (Doc. #1.) Defendant moves to dismiss on the ground that Plaintiff failed to exhaust his administrative remedies. (Doc. #7.) Although the Court attempted to advise Plaintiff of his obligation to respond, Plaintiff filed no response.[1]

The Court will grant the motion and terminate the case.

**I.  Background**

Plaintiff alleged in Count I of his Complaint that Arpaio sets policy and deliberately instructs his staff to feed inmates only two meals per day. Plaintiff contended that the meals are small and lack necessary calories and that there are more than 12 hours between the two meals. In Count II, he asserted that Arpaio deliberately sets policy and directs his staff to

---

[1] The Court sent the Notice required under Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003); it was returned. (Doc. ##9, 10.)

overcrowd the holding cells and that the conditions are unsanitary. The Court directed Defendant to answer. (Doc. #4.)

## II. Motion to Dismiss

### A. Legal Standard

Under the Prison Litigation Reform Act (PLRA), a prisoner must exhaust available administrative remedies before bringing a federal action concerning prison conditions. See 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001). And a prisoner must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 212 (2007). Thus, the defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

### B. Parties' Contentions

In support of his motion, Defendant submits the affidavit of Susan Fisher, an External Coordinator with the Maricopa County Sheriff's Office (MCSO). (Doc. #8, Fisher Aff. ¶ 1.) Fisher attests that her duties include receipt, processing, tracking, and storage of inmate grievances. (Id.) To initiate the informal grievance process, the inmate submits the grievance form. If the detention officer cannot resolve the issue, the officer forwards the grievance to the shift supervisor. If the shift supervisor cannot resolve the matter, the grievance is forwarded to the hearing officer. (Id. ¶ 4.) If the inmate is not satisfied with the outcome of the informal grievance process, he can file a formal grievance by filing the Institutional Grievance Appeal with the Jail Commander. If he is not satisfied with the Jail

Commander's decision, the inmate may file an External Grievance Appeal, which is forwarded to the External Referee. That person's decision concludes the MCSO Grievance process and exhausts the inmate's administrative remedies. (Id. ¶ 5; Ex. A, MCSO Inmate Grievance Procedure Policy DJ-3.) Defendant also submits a sample Inmate Grievance Form and excerpts from the MCSO Rules and Regulations for Inmates. (Id., Exs. B, C.)

Fisher attests that no grievances by Plaintiff were found regarding overcrowding and unsanitary intake/ booking or holding cells or regarding portions or quantities of food; in fact, Plaintiff filed no grievances at all. (Id. ¶ 10.) She further attests that other inmates housed at the Maricopa County Jail during Plaintiff's period of incarceration have filed grievances about overcrowded and unsanitary intake/booking or holding cells and about quality and portions of food. (Id. ¶¶ 11-12.)

Plaintiff filed no response. In his Complaint he alleged that he did not exhaust his administrative remedies because the policies are non-grievable. (Doc. #1 at 3-4.)

**C. Analysis**

Defendant has met his burden to establish the existence of a grievance procedure and that Plaintiff failed to exhaust his remedies under it. Plaintiff fails to rebut Defendant's evidence of Plaintiff's failure to exhaust. His conclusory statements in the Complaint that the issues are not grievable are insufficient; Plaintiff does not even explain why he believes these matters were not grievable, and Defendant provides evidence that other inmates filed grievances on the same issues.

The Court will grant Defendant's motion and dismiss the claims without prejudice.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Defendant's Motion to Dismiss (Doc. #7).

(2) Defendant's Motion to Dismiss (Doc. #7) is **granted.**

///

///

///

(3) The claims are dismissed without prejudice, and the Clerk of Court must enter judgment accordingly.

DATED this 15th day of October, 2009.

Mary H. Murguia
United States District Judge